CENTRAL TRUST CO. OF NEW YORK *v.* MARIETTA & N. G. RY. CO.,
(GROOME, Intervener.)

*(Circuit Court of Appeals, Fifth Circuit. December 7, 1891.)*

1. FORECLOSURE OF RAILROAD MORTGAGE—CONDITIONAL SALE—RIGHTS OF VENDOR.
   The vendor of rolling stock to an improvement company by his contract of sale reserved title thereto until payment of the purchase money. The improvement company supplied the rolling stock to a railroad company in order to enable the latter to raise money on bonds secured by mortgage on its railroad and equipments. *Held*, in a suit to foreclose such mortgage, that the original vendor, having no notice of equities existing between the purchasers of the bonds of the railroad company and the improvement company, was entitled to the possession of the rolling stock, title to which he had retained.

2. SAME—ESTOPPEL.
   But in such case, the improvement company being estopped from setting up title against the bondholders by the fact that the bonds of the railroad company were placed through its instrumentality, the original vendor could take nothing by a resale to him by the improvement company of such rolling stock.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

Bill in equity by the Central Trust Company of New York against the Marietta & North Georgia Railway Company to foreclose a mortgage made by the railroad company. Samuel W. Groome intervened, claiming title to certain rolling stock in the possession of the receiver appointed in the suit. Decree for intervener. Plaintiff appeals. Reversed.

*H. B. Tompkins*, for appellant.
*Hoke Smith*, for appellee.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, J. The case on this intervention is the same in pleadings, master's report, exceptions, and assignments of errors as the case of *Central Trust Co. v. Marietta & N. G. Ry. Co. (Hiawassee Co., Intervener,)* 48 Fed. Rep. 850, (just decided,) except that the appellee, Groome, was the original vendor of the rolling stock in question to the North Georgia Improvement Company, and in his contract retained the title until pay-

ment of the purchase price should be fully made, and that the North Georgia Improvement Company has not paid the entire purchase price, some $5,500 of the original $22,500 being still due and unpaid; and the appellee, Groome, shows a written contract for the resale of the property to him by the North Georgia Improvement Company, made since his first intervention claiming the rolling stock in controversy was filed. The case is, however, to be distinguished from the *Hiawassee Case* in this: that Groome was not charged with any notice of the equities existing in favor of bondholders as against Eager or the North Georgia Improvement Company, and he made a conditional sale of his property, retaining the title thereto to the North Georgia Improvement Company, who transferred it, without paying the full price, to the Marietta & North Georgia Railway Company. We think it is clear that the appellee, Groome, has never forfeited his rights under his original contract, and that he is now entitled to a return of the property, or to the payment of the balance of the price still due. We do not think that Groome took anything by the contract with the North Georgia Improvement Company for the resale of the property, as that company (as we have seen in the *Hiawassee Case*) was estopped from setting up title against the bondholders. As the master reported that the use of the rolling stock in question was necessary to the operation of the railway in possession of the receiver, the receiver should pay the balance of the purchase price still due to appellee, or give up the property. On the other points involved, we will hold as in the *Hiawassee Case*. It is therefore ordered and adjudged that the decision appealed from be reversed, with costs, and that this cause be remanded to the circuit court, with instructions to enter an order directing the receiver to pay, within 15 days from date thereof, the balance due to intervener, Samuel W. Groome, on his contract for the sale to the North Georgia Improvement Company of the rolling stock described in his intervention; and, in case of inability to pay as directed, the receiver shall deliver the property.